

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| NATHAN BENJAMIN,<br><br>Plaintiff,<br><br>v.<br><br>NORTHWEST FEDERAL CREDIT UNION FOUNDATION, d/b/a NORTHWEST FEDERAL CREDIT UNION,<br>SERVE:<br>Dawn Eilenberger, Registered Agent<br>200 Spring Street<br>Suite 130<br>Herndon, Virginia 20170<br>(Fairfax County)<br><br>And<br><br>CREDIT UNION FINANCIAL SERVICES, INC., d/b/a CHARTWAY FEDERAL CREDIT UNION,<br>SERVE:<br>James B. Lonergan, Registered Agent<br>Pender & Coward<br>222 Central Park Avenue<br>Virginia Beach, Virginia 23462-3026<br>(City of Virginia Beach)<br><br>Defendants. | Civil Action No. 3:15cv685 |

## COMPLAINT

### PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer, Nathan Benjamin, against the Defendants Northwest Federal Credit Union Foundation, d/b/a Northwest

Federal Credit Union Foundation and Credit Union Financial Services, Inc., d/b/a Chartway Federal Credit Union for violations of the Fair Credit Reporting Act ("hereafter the FCRA"), 15 U.S.C. §§ 1681, *et seq.* as amended.

## JURISDICTION & VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

4. Plaintiff Nathan Benjamin is an adult individual residing in Missouri City, Texas.

5. Defendant, Northwest Federal Credit Union Foundation, d/b/a Northwest Federal Credit Union ("Northwest") is a business entity that regularly conducts business in Eastern District of Virginia, and which has a principal place of business located at 200 Spring St., Suite 410, Herndon, VA 20170.

6. Defendant, Credit Union Financial Services, Inc., d/b/a Chartway Federal Credit Union ("Chartway") is a business entity that regularly conducts business in Eastern District of Virginia, and which has a principal place of business located at 160 Newtown Rd., Virginia Beach, VA 23462.

## FACTUAL ALLEGATIONS

7. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (the "inaccurate information").

8. The inaccurate information includes, but is not limited to, accounts with Northwest and Chartway.

9.      The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness. The inaccurate information consists of accounts and/or tradelines for which the Plaintiff has no responsibility and which are believed to be the result of fraud.

10.     Plaintiff has disputed the inaccurate information with the credit reporting agencies Trans Union, Equifax and Experian to their representatives by following Trans Union, Equifax and Experian's established procedures for disputing consumer credit information.  With one or more of Plaintiff's disputes, Plaintiff has provided a proper identity theft report to Trans Union, Equifax and Experian, pursuant to 15 U.S.C. § 1681a(q)(4).

11.     Plaintiff has disputed the inaccurate information with Trans Union, Equifax and Experian from May 2014 through the present.

12.     Notwithstanding Plaintiff's disputes, Defendants Northwest and Chartway, furnisher of the inaccurate information, has failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, has willfully continued to report such inaccurate information to various credit reporting agencies, and has failed to mark the above accounts as disputed.

13.     Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations/reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to note the disputed status of the

inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

14. As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

15. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

16. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## COUNT I – NORTHWEST AND CHARTWAY
## VIOLATION OF THE FCRA

17. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

18. At all times pertinent hereto Defendants were each a "person" as that term defined by 15 U.S.C. § 1681a(b).

19. At all times pertinent hereto Defendants were each a "furnisher" as that term is used in 15 U.S.C. § 1681s-2(b).

20. Defendants violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

21. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Defendants are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

## JURY TRIAL DEMAND

22. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Treble damages;

(d) Punitive damages;

(e) Costs and reasonable attorney's fees; and

(f) Such other and further relief as may be necessary, just and proper.

**NATHAN BENJAMIN,**

By: _____
Counsel

John Cole Gayle, Jr., Esquire
VSB No. 18833
The Consumer Law Group, P.C.
5905 West Broad Street, Suite 303
Richmond, Virginia 23230
804 282-7900
804 673-0316 Fax

    Counsel for Plaintiffs